UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARRY D. ROSS,
    Plaintiff,

v.

HASBRO, INC.,
    Defendant.

C.A. No. 19-424-JJM-PAS

ORDER

Barry D. Ross applied to Hasbro, Inc. ("Hasbro") for a job as a technical recruiter. ECF No. 1-1 at 3. He was selected for multiple interviews, but not selected for the position. *Id.* He sues Hasbro under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000E *et seq.* ("Title VII"); (2) 42 U.S.C. § 1981; (3) the Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq.*; and (4) The State Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.* ("FEPA"). Mr. Ross claims that Hasbro did not hire him because he is African American and instead hired a less qualified candidate. *Id.* at 4-5. In support of his claim of racial discrimination in hiring, Mr. Ross alleges that the Hasbro Board of Directors has no African American members and that its Human Resources Department recruiting team has never hired an African American. *Id.* at 3.

Hasbro moves to dismiss asserting that Mr. Ross' Title VII and FEPA claims are time-barred. *See* ECF No. 6 at 3-6. Hasbro also moves to dismiss claiming that Mr. Ross has not adequately pled his claim of discrimination. *Id.* at 6-12.

*ANALYSIS*

*Timeliness of Title VII Claims*

Title VII requires a charge of discrimination to "be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Hasbro notified Mr. Ross on July 5, 2018 that he was not offered the position. ECF No. 1-1 at 3. Mr. Ross did not file his charge with the Equal Employment Opportunities Commission ("EEOC") until 258 days later, on March 20, 2019. *See id.*

Furthermore, Title VII requires suit to be filed within ninety days of the issuing of a right to sue letter by the EEOC. *Taal v. Hannaford Bros. Co.*, 211 F. App'x 4, 4–5 (1st Cir. 2006) (citing 42 U.S.C. § 2000e–5(f)(1)). The EEOC issued a right to sue letter to Mr. Ross on March 20, 2019. ECF No. 1-1 at 3. Mr. Ross did not sue until 109 days later, on July 9, 2019. *See id.*

Mr. Ross in his position seems to invoke equitable tolling as a basis for his late filings. *See* ECF No. 9 at 4. For Title VII claims, however, equitable tolling is only appropriate when a claimant misses a deadline "because of circumstances beyond [his] control." *Taal*, 211 F. App'x 4 at 5 (quoting *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 279 (1st Cir.1999)). Because Mr. Ross has shown no circumstances beyond his control that warrant equitable tolling, his Title VII claims are time barred and must be dismissed.

*Timeliness of FEPA Claims*

Under FEPA, the Rhode Island Commission for Human Rights ("the Commission") has jurisdiction to hear and resolve claims of employment discrimination. *See* R.I. Gen. Laws § 28-5-1 *et seq.; see also Paulo v. Cooley, Inc.*, 686 F. Supp. 377, 382 (D.R.I. 1988). A claimant must file a claim of employment discrimination with the Commission within one year of the alleged discriminatory conduct. *See* R.I. Gen. Laws § 28-5-17(a). If after 120 days (but not more than two years) after the filing of a claim, the Commission has been unable to secure a conciliation agreement and has not commenced a hearing, a claimant may ask for a right to sue in state court. R.I. Gen. Laws § 28-5-24.1.

In accordance with the provisions of FEPA, for Mr. Ross' allegations to be considered, he would have had to file a charge within one year of the alleged discriminatory conduct. Because Mr. Ross' allegations of discriminatory conduct occurred on July 5, 2018 and he never filed a charge with the Commission, his FEPA claims are also timed barred and must be dismissed.

*Plausible Facts Supporting the Complaint*

Hasbro also moves to dismiss Mr. Ross' claims under Fed. R. Civ. P. 12(b)(6), asserting that Mr. Ross has failed to allege plausible facts that would support a claim of racial discrimination under Title VII, FEPA, 42 U.S.C. § 1981, or the Rhode Island Civil Rights Act. ECF No. 6 at 6-12.

To survive this motion to dismiss, it is not necessary for Mr. Ross to plead facts supporting each element of a claim of employment discrimination, but he is required

3

to plead facts that allow the Court to plausibly infer liability. *See Solola v. Prospect Chartercare, LLC,* 2016 WL 4385889, at *2 (D.R.I. Aug. 17, 2016) (citing *Williams v. Shinseki,* 2013 WL 1336360, at *3 (D. Mass. Mar. 29, 2013) and *Rodriguez-Reyes v. Molina-Rodriguez,* 711 F.3d 49, 54 (1st Cir. 2013)). The Court must review the facts pled as true and in the light most favorable to Mr. Ross, drawing all reasonable inferences. *See Gargano v. Liberty Int'l Underwriters,* 572 F.3d 45, 48 (1st Cir. 2009). But conclusory statements of the law are "not entitled the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Setting aside conclusory statements of the law, the only facts in support of causation that Mr. Ross asserts that connect his race to his lack of hiring is that the Hasbro Board of Directors has no African American members and that its Human Resources Department recruiting team has never hired an African American. ECF No. 1-1 at 3. The Court needs not decide whether these facts would be enough to sustain Mr. Ross' burden, because Hasbro points out that neither of these assertions by Mr. Ross are true. ECF No. 6 at 10. Hasbro's Board of Directors does have an African American member and the Human Resources Department has eight African Americans. *Id.* Mr. Ross thus has failed to set forth plausible facts that would allow this Court to infer liability.

*CONCLUSION*

For the reasons stated, the Court GRANTS Defendant's Motion to Dismiss. ECF No. 6.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

October 29, 2019